# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ZACHERY PERNELL HICKS,

      Plaintiff,

v.                           Case No. 8:25-cv-02944-TPB-NHA

THE HOME DEPOT STORE
#0256,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS

I recommend Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 4) be denied without prejudice, and that his Complaint (Doc. 1) be dismissed without prejudice, subject to his right to amend his Complaint and re-file his motion to proceed without pre-paying the filing fee within 60 days.

## I.  Background

Plaintiff Zachery Pernell Hicks sues Defendant "The Home Depot Store #0256," seeking damages for an injury Plaintiff sustained while shopping at a Home Depot store in Tampa, Florida. Doc. 1. Specifically, Plaintiff claims he was cut by protruding sheet metal while shopping, due to Defendant's "gross negligence, carelessness, recklessness, [and] willfulness." *Id.*, p. 4. Along with

his complaint, Plaintiff filed a motion to proceed without paying the filing fee. Doc. 4.

On November 9, the Court issued an order directing the Plaintiff to either demonstrate how the Court had subject matter jurisdiction over his claims or to amend his complaint. Doc. 5.  The Court explained that Plaintiff could not proceed with his action unless the Court had either diversity jurisdiction or federal question jurisdiction over his lawsuit. *Id.*, p. 2. The Court further noted that, while Plaintiff asserted that the Court had diversity jurisdiction over his claims, he also asserted that both he and the Defendant were citizens of Florida, which would prevent the Court from exercising diversity jurisdiction. *Id.*, p. 3.

In his response to the show cause order, Plaintiff appeared to assert that the Court had both federal question and diversity jurisdiction over his lawsuit. *See* Doc. 6, p. 1 ("Jurisdiction of this Court arises under 28. U.S.C. 1331 and 28 U.S.C 1332."). As to diversity jurisdiction, the Plaintiff confirmed that Plaintiff and Defendant are both citizens of Florida. Doc. 6 ¶¶ 1-2. As to federal question jurisdiction, Plaintiff explained that he had advanced "allegations that Defendant violated Plaintiff's civil rights under 42 U.S.C. 1981, 42 U.S.C. 1983 of the act." *Id.*, p. 1.

## II.    Standard of Review and Legal Authority

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir.

1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Finally, independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999)). First, federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, district courts have diversity jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states. 28 U.S.C.

§ 1332. Critically, unless the party asserting jurisdiction proves otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III.   Analysis

Construing Plaintiff's filings liberally, he asserts that the Court has both diversity jurisdiction and federal question jurisdiction over his lawsuit. *See* Doc. 6, p. 1 ("Jurisdiction of this Court arises under 28. U.S.C. 1331 and 28 U.S.C 1332.") I address each in turn.

a.  Diversity Jurisdiction

For a court to have diversity jurisdiction, the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The citizenship of each party is determined differently as to individuals and corporations. An individual's citizenship is determined by where he is "domiciled," which means "the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotations omitted). In the case of corporations, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or

foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).

Here, Plaintiff asserts in his complaint that he is a citizen of Florida, and that Defendant is a citizen of Florida, in that it is incorporated under the laws of Florida and has its principal place of business in Florida. Doc. 1, p. 3. In its show cause order, the Court cautioned Plaintiff that, "If Plaintiff is correct about this, both the Plaintiff and the Defendant are citizens of the same state, and the Court cannot have diversity jurisdiction over his case." Doc. 5, p. 3. Nonetheless, in his response to that order, Plaintiff asserts that he is "a resident of Florida," (although this does not determine Plaintiff's citizenship, nor does it undermine his assertion in the complaint that he is a citizen of Florida), and that "the Defendants are Florida companies doing business in Hillsborough County Florida and wholly owned and operated by the same owners." Doc. 6 ¶¶ 1-2. Thus, Plaintiff provides no factual basis on which the Court can find it has diversity jurisdiction over his lawsuit.

b.  Federal Question Jurisdiction

Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Here, although the complaint neither expressly invokes federal question jurisdiction, nor references a federal cause of action, in response to the Court's show cause order, Plaintiff states that he brings claims under two federal laws: 42 U.S.C. §§ 1981 and 1983. Plaintiff does not explain how these laws provide a basis for the claims he brings against Defendant, nor does the Court see how they might.

i.  42 U.S.C. § 1981

42 U.S.C. § 1981 prohibits discrimination in making and enforcing contracts. "Any claim brought under § 1981, therefore, must initially identify an impaired contractual relationship under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (citation omitted). Additionally, a plaintiff must allege that he was discriminated against because of his membership in a racial or ethnic group. *See St. Francis College v. Al-Khazraji,* 481 U.S. 604, 613 (1987) ("Based on the history of § 1981, we have little trouble in concluding that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics.") Thus, generally, to establish a § 1981 claim, "a plaintiff must allege facts establishing: (1) that he is a member of a racial minority; (2) that the defendant

intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Moore v. Grady Meml. Hosp. Corp.*, 834 F.3d 1168, 1171–72 (11th Cir. 2016).

Here, Plaintiff has not claimed that he is a member of a protected group, or that Defendant discriminated against him. Plaintiff also pleads no facts suggesting he has rights under a "contractual relationship" with Defendant. Thus, while his response to the show cause order invokes section 1981, he has not stated a claim under that statute, and so such a claim cannot support this Court's jurisdiction.

i.   42 U.S.C. § 1983

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Here, Plaintiff has not alleged facts suggesting that Home Depot violated any of his federal rights or that the actions of Home Depot and/or its employees were anything other than "merely private conduct." Because Plaintiff has not stated a claim under section 1983, that statute cannot support this Court's jurisdiction over Plaintiff's lawsuit.

## IV.    **Conclusion**

In sum, it does not appear that a federal court (as opposed to a state court) has jurisdiction over the claims stated in the current Complaint. Because Defendants have not yet answered, federal law allows Plaintiff the opportunity to file an amended complaint. *Troville v. Venz*, 303 F.3d 1256, 1260 n. 5 (11th Cir. 2002) ("§ 1915(e)(2)(B)(ii) does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend when required by Fed. R. Civ. P. 15.").

Accordingly, I respectfully **RECOMMEND** that the Court:

(1)    Deny without prejudice (meaning Plaintiff could try again) Plaintiff's motion to proceed in forma pauperis (Doc. 4);

(2)    Dismiss without prejudice Plaintiff's complaint (Doc. 1) , subject to the right of Plaintiff to file an amended complaint and amended motion to proceed in forma pauperis within 30 days of the District Court's order of dismissal;

(3)    At the close of the 60-day period, if Plaintiff has failed to file the amended documents, dismiss the case with prejudice, meaning that Plaintiff would not be allowed to re-open or re-file this lawsuit.

REPORTED on December 18, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.